1  Tyson K. Hottinger (California State Bar No. 253221)
2      E-mail: thottinger@mabr.com
   Larry R. Laycock (Utah State Bar No. 4868; *Pro Hac Vice* Forthcoming)
3      E-mail: llaycock@mabr.com
   David R. Wright (Utah State Bar No. 5164; *Pro Hac Vice* Forthcoming)
4      E-mail: dwright@mabr.com
5  Adam B. Beckstrom (Utah State Bar No. 14127; *Pro Hac Vice* Forthcoming)
       E-mail: abeckstrom@mabr.com
6

7  **MASCHOFF BRENNAN**

8  210 South Main St., Suite 600      &      20 Pacifica, Suite 1130
   Salt Lake City, Utah 84111                 Irvine, California 92618
9  Telephone:  (435) 252-1360                 Telephone:  (949) 202-1900
10 Facsimile:  (435) 252-1361                 Facsimile:  (949) 453-1104

11

12 Attorneys for Plaintiff Sundesa, L.L.C.

13                    UNITED STATES DISTRICT COURT
14                    CENTRAL DISTRICT OF CALIFORNIA
15

16 | Sundesa, L.L.C., a Utah Limited Liability Company, | SACV13 - 01071 JVS (RNBx) |
17 |   | Civil Action No. _____ |
18 |        Plaintiff, |   |
19 | v. |   |
20 |   | **COMPLAINT FOR PATENT INFRINGEMENT** |
21 | Atlantic Pro-Nutrients, Inc. an Illinois Corporation, d/b/a Xymogen |   |
22 |   |   |
23 |        Defendant. | **[Demand For Jury Trial]** |

24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sundesa, L.L.C. ("Sundesa") complains against Defendant Atlantic Pro-Nutrients, Inc., d/b/a Xymogen ("Xymogen") for the causes of action alleged as follows:

## THE PARTIES

1. Sundesa is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 284 South 700 West, Pleasant Grove, Utah 84062.

2. Sundesa alleges Xymogen is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 725 South Kirkman Road, Orlando, Florida 32811-2011.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Xymogen because Xymogen has purposely availed itself of the privileges and benefits of the laws of the State of California.

6. Xymogen does, and has done, substantial business in this judicial District, including: (i) regularly doing business or soliciting business by virtue of Xymogen's nationwide, interactive and commercial website which directs Xymogen's services and products to California residents; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7. This Court's exercise of personal jurisdiction over Xymogen is consistent with the Constitutions of the United States and the State of California.

8. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9. Sundesa's technological innovations are protected by, *inter alia*, a portfolio of utility and design patents, including United States Utility Patent No. 6,379,032 (the "'032 Patent") and United States Design Patent No. D510,235 (the "'235 Design Patent") (collectively the "Asserted Patents").

10. Sundesa is an exclusive licensee of the Asserted Patents and has been granted all rights thereunder, including the right and standing to enforce the Asserted Patents.

11. Xymogen is in the business of selling nutritional supplements and accessories. In particular, Xymogen sells and offers for sale, *inter alia*, 28 ounce shaker cups with a whisk type ball that allow users to perform the methods claimed in the '032 Patent (the "Accused Products").

12. Xymogen markets, describes, encourages, and instructs its customers to use the Accused Products to mix ingredients in such a way as to perform the claimed methods of the '032 Patent.

13. On December 18, 2012 Sundesa's attorneys sent Xymogen a letter informing Xymogen of its infringement of the Asserted Patents.

14. Xymogen has had knowledge of the Asserted Patents since at least about December 18, 2012.

15. Since learning of the Asserted Patents, at least since about December 18, 2012, Xymogen has continued to infringe the Asserted Patents.

16. Use of any of the Xymogen's Accused Products infringes the '032 Patent.

17. The Accused Products do not have any substantial use other than to be used in a way that infringes the claimed methods of the '032 Patent.

18. The Accused Products have no substantial non-infringing uses.

19. The design of the Accused Products are substantially the same as the design that is the subject matter of the '235 Design Patent.

20. Furthermore, the design of the Accused Products is so similar to the design that is the subject matter of the '235 Design Patent that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the '235 Design Patent.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '032 Patent)

21. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

22. Xymogen has directly infringed and continues to directly infringe the '032 Patent under 35 U.S.C. § 271(a) by selling, and offering for sale within the United States the Accused Products, which infringe the '032 patent.

23. Since at least about December 18, 2012, Xymogen has had, and continues to have, the specific intent to induce its customers or users of its products to infringe the '032 Patent. For example, Xymogen instructs its customers or users of the Accused Products to use them mix to ingredients according to the claimed methods of the '032 Patent.

24. Xymogen's customers or users of the Accused Products do, in fact, infringe the '032 Patent.

25. Since at least about December 18, 2012, Xymogen has known, or should have known, that its customers, or users of its products, infringe the '032 Patent.

26. The Accused Products are especially made to be used, and are in fact used, by customers, or users, of the Accused Products, in a way that infringes the '032 Patent.

27. Xymogen has indirectly infringed and continues to indirectly infringe the Asserted Patents under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of, or contributorily infringing the '032 Patent.

28. Despite its knowledge of the '032 Patent, Xymogen has continued to infringe and induce others to infringe the '032 Patent.

3

COMPLAINT FOR PATENT INFRINGEMENT

29. The conduct of Xymogen as set forth hereinabove gives rise to a cause of action for infringement of the '032 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

30. Xymogen has manufactured, used, sold, and offered for sale Accused Products despite an objectively high likelihood that its actions constitute infringement of the '032 Patent.

31. Xymogen's manufacture, use, sale, and offer for sale of Accused Products has been both willful and deliberate.

32. Xymogen's acts of infringement have caused damage to Sundesa, and Sundesa is entitled to recover the damages sustained as a result of Xymogen's wrongful acts in an amount subject to proof at trial. Xymogen's infringement of Sundesa's rights under the '032 Patent will continue to damage Sundesa's business causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

33. By reason of the foregoing, Sundesa is entitled to monetary relief against Xymogen, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '235 Design Patent)

34. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

35. Xymogen has infringed, and continues to infringe the '235 Design Patent by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the Accused Product, the design of which is substantially the same as the ornamental design of the '235 Design Patent.

36. Xymogen's actions constitute infringement of the '235 Design Patent in violation of 35 U.S.C. § 271.

37. Sundesa has sustained damages and will continue to sustain damages as a result of Xymogen's aforementioned acts of infringement.

38. Sundesa is entitled to recover damages sustained as a result of Xymogen's wrongful acts in an amount to be proven at trial.

39. Xymogen's infringement of Sundesa's rights under the '235 Design Patent will continue to damage Sundesa's business, causing irreparable harm, for which there is no adequate remedy at law, unless Xymogen is enjoined by this Court.

40. Xymogen has willfully infringed the '235 Design Patent, entitling Sundesa to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41. Alternatively, Plaintiff is entitled to recover Xymogen's total profits from its sale of the Accused Product under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Sundesa prays for judgment as follows:

A. A judgment finding Xymogen liable for infringement of one or more of the claims of the '032 Patent;

B. A judgment finding Xymogen liable for infringement of the claims of the '235 Design Patent;

C. Orders of this Court temporarily, preliminarily, and permanently enjoining Xymogen, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the '032 Patent and '235 Design Patent, pursuant to at least 35 U.S.C. § 283;

D. An award of damages adequate to compensate Sundesa for Xymogen's infringement of the '032 Patent, in an amount to be proven at trial;

E. An award of damages adequate to compensate Sundesa for Xymogen's infringement of the '235 Design Patent, in an amount to be proven at trial, or in the alternative, an award of Xymogen's total profits under 35 U.S.C. § 289;

F. An award of treble Sundesa's damages, pursuant to at least 35 U.S.C. § 284;

G. A declaration that this is an exceptional case and that Sundesa be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

H. An award of Sundesa's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284.

1   I.   An award of Sundesa's attorney fees, pursuant to all applicable state statutory and common law.

3   J.   Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

4   K.   Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

5   L.   For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Sundesa demands trial by jury on all claims and issues so triable.

DATED: July 17, 2013

Larry R. Laycock
David R. Wright
Tyson K. Hottinger
Adam B. Beckstrom
**MASCHOFF BRENNAN**

By: _/s/ Tyson Hottinger_
Tyson K. Hottinger

Attorneys for Plaintiff
SUNDESA, L.L.C.

COMPLAINT FOR PATENT INFRINGEMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV13- 1071 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**       | [ ] **Southern Division**           | [ ] **Eastern Division**         |
|---|---|---|
| 312 N. Spring St., Rm. G-8     | 411 West Fourth St., Rm. 1-053      | 3470 Twelfth St., Rm. 134        |
| Los Angeles, CA 90012          | Santa Ana, CA 92701-4516            | Riverside, CA 92501              |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| Sundesa, L.L.C., a Utah Limited Liability Company, <br><br> *Plaintiff(s)* <br> v. <br> Atlantic Pro-Nutrients, Inc. an Illinois Corporation, d/b/a/ Xymogen <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> **SACV13 - 01071 JVS (RNBx)** <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Tyson K. Hottinger
Larry R. Laycock
David R. Wright
Maschoff Brennan
20 Pacifica, Suite 1130, Irvine, CA  92618
(949) 202-1900

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: JUL 17

DODJIE LAGMAN
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                            _____
                                               *Server's signature*

                                            _____
                                              *Printed name and title*

                                            _____
                                                *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Sundesa, L.L.C., a Utah Limited Liability Company | Atlantic Pro-Nutrients, Inc., an Illinois Corporation d/b/a Xymogen |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Maschoff Brennan  Maschoff Brennan<br>201 South Main Street, Suite 600  &  20 Pacifica, Suite 1130<br>Salt Lake City, UT 8111    Irvine, CA 92618<br>(435) 252-1360    (949) 202-1900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ Subject to proof at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 271 & 35 U.S.C. Section 284; Patent infringement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number:  **SACV13 - 01071 JVS (RNBx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)    CIVIL COV

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [x] NO  [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [x] NO  [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [x] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [x] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Tyson Hottt_   **DATE:** 7/17/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |