| | |
|---|---|
| 1 | L. SCOTT OLIVER (CA SBN 174824) |
|   | SOliver@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
|   | 755 Page Mill Road |
| 3 | Palo Alto, California  94304-1018 |
|   | Telephone: 650.813.5600 |
| 4 | Facsimile: 650.494.0792 |
| 5 | Attorneys for Defendant and Counterclaimant |
|   | ATLANTIC PRO-NUTRIENTS, INC., |
| 6 | D/B/A XYMOGEN |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNDESA, L.L.C., a Utah Limited Liability Company, | Case No. 13-cv-01071-JVS-RNB |
| Plaintiff, | **DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| ATLANTIC PRO-NUTRIENTS, INC. an Illinois Corporation, d/b/a XYMOGEN, | Demand for Jury Trial |
| Defendant. | |
| ATLANTIC PRO-NUTRIENTS, INC. an Illinois Corporation, d/b/a XYMOGEN, | |
| Counterclaimant, | |
| v. | |
| SUNDESA, L.L.C., a Utah Limited Liability Company, | |
| Counter-Defendant. | |

DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT
CASE NO. 13-CV-01071-JVS-RNB
pa-1612128

Defendant Atlantic Pro-Nutrients, Inc., d/b/a Xymogen ("Xymogen"), answers the Complaint filed by Plaintiff Sundesa, L.L.C. ("Sundesa") as follows:

## PARTIES

1.  Xymogen lacks sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 1, and on that basis, denies them.

2.  Denied. Atlantic Pro-Nutrients, Inc. d/b/as Xymogen, is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 6900 Kingspointe Parkway, Orlando, FL 32819.

## JURISDICTION AND VENUE

3.  Xymogen admits that the complaint purports to state an action for patent infringement arising under Title 35 of the United States Code.

4.  Xymogen admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

5.  Xymogen admits that this Court has personal jurisdiction over Xymogen. Xymogen denies the remaining allegations of paragraph 5.

6.  Xymogen admits that is has done business in this District. Xymogen denies the remaining allegations of paragraph 6.

7.  Xymogen admits that this Court has personal jurisdiction over Xymogen. Xymogen denies the remaining allegations of paragraph 7.

8.  Xymogen admits that venue is proper pursuant to 28 U.S.C. §§1391 and 1400.

## FACTUAL BACKGROUND

9.  Xymogen lacks sufficient knowledge or information to form a belief as to the allegations, and, therefore, denies them.

10. Xymogen lacks sufficient knowledge or information to form a belief as to the allegations, and, therefore, denies them.

11. Xymogen admits that it is in the business of selling nutraceuticals in the practitioner channel. Xymogen denies the remaining allegations of paragraph

1  11.

2  12.   Denied.

3  13.   On December 19, 2012, Sundesa's counsel sent a letter alleging infringement of the asserted patents.  Xymogen denies the remaining allegations of paragraph 13.

14.   On December 19, 2012, Sundesa's counsel sent a letter alleging infringement of the asserted patents and including copies of the asserted patents.  Xymogen denies the remaining allegations of paragraph 14

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '032 Patent)

21.   Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32. Denied.
33. Denied.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '235 Design Patent)

34. Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.

## COUNTERLCAIMS

42. Defendant-Counterclaimant Xymogen hereby pleads the following counterclaims against Plaintiff Counterdefendant Sundesa:

## THE PARTIES

43. Xymogen is an Illinois corporation named Atlantic Pro Nutrients, Inc., which does business as "Xymogen."
44. Upon information and belief, Sundesa is a limited liability company duly organized and existing under the laws of the State of Utah.

## JURISDICTION AND VENUE

45. In its Counterclaims, Xymogen seeks declarations of noninfringement and invalidity. As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 2202; and as the counterclaims arise under the Patent Code, 35 U.S.C. § 1 et seq., this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
46. This Court has personal jurisdiction over Sundesa because Sundesa has

1  consented to jurisdiction by having filed its complaint in this District.

2      47.   Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

48.   Xymogen is an Illinois corporation named Atlantic Pro Nutrients, Inc., which does business as "Xymogen," Xymogen's business is the manufacture and distribution of nutraceuticals in the practitioner channel. Xymogen's business is not the sale of shaker cups.

49.   On July 17, 2013, Sundesa filed suit against Xymogen asserting the '032 patent and the '235 design patent. Xymogen denies that it infringes, contributorily infringes, or actively induces other to infringe any claims of these patents.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement of the '032 Patent)

50.   Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.

51.   As a result of Sundesa's allegations of infringement against Xymogen, an actual controversy exists as to infringement of the '032 patent.

52.   Xymogen is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '032 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '032 Patent)

53.   Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.

54.   As a result of Sundesa's allegations of infringement against Xymogen, an actual controversy exists as to the validity of the '032 patent.

55.   The claims of the '032 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 115, 116, and/or 256.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '235 Design Patent)

56.  Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.

57.  As a result of Sundesa's allegations of infringement against Xymogen, an actual controversy exists as to infringement of the '235 design patent.

58.  Xymogen is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '235 design patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '235 Design Patent)

59.  Xymogen hereby restates and reavers the information set forth in the preceding paragraphs and incorporates them by reference.

60.  As a result of Sundesa's allegations of infringement against Xymogen, an actual controversy exists as to the validity of the '235 design patent.

61.  The claims of the '235 design patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 115, 116, 171 and/or 256, and because the features claimed in the '235 design patent are functional rather than ornamental.

## JURY DEMAND

62.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Xymogen hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

## PRAYER FOR RELEF

WHEREFORE, Xymogen prays for judgment and relief against Sundesa as follows:

a.  Sundesa recovers nothing by its Complaint;

b.  That Sundesa's Complaint be dismissed with prejudice and each request for relief therein be denied;

  c. That the Court find and enter a declaratory judgment that Xymogen has not directly infringed, contributorily infringed, or actively induced others to infringe, any claims of the '032 patent or the '235 design patent;

  d. That the Court find and enter a declaratory judgment that the '032 patent and the '235 design patent are invalid;

  e. An order awarding Xymogen its costs and attorney's fees under 35 U.S.C. § 285; and

  f. Any and all other legal and equitable relief as may be available under the law and which the Court may deem proper.

Dated: November 13, 2013  L. SCOTT OLIVER
              MORRISON & FOERSTER LLP

              By: /s/ L. Scott Oliver
                L. Scott Oliver

              Attorneys for Defendant and
              Counterclaimant

              ATLANTIC PRO-NUTRIENTS,
              INC., D/B/A XYMOGEN